JOHN G. MILLER *et al.*, *as Partners, etc., Appellees,* v.
WILLIAM KROENERT, *Appellant.*

No. 16,301.

SYLLABUS BY THE COURT.

1. SURETYSHIP—*Contribution—Bond in a Judicial Proceeding.*
A mere surety on a bond in a judicial proceeding is not liable
for contribution to reimburse a party to the action for whose
benefit the bond was given in whole or in part, the latter
having paid the full amount of a judgment rendered on such
bond.

2. JUDGMENTS—*Failure of Prevailing Party to Sustain Burden
of Proof.* On the trial of a case it is error for the court to
render judgment in favor of the plaintiff upon any issue as to
which the burden of proof rests upon him and as to which he
has offered no evidence.

Appeal from Cowley district court; CARROLL L.
SWARTS, judge. Opinion filed January 8, 1910. Re-
versed.

*C. T. Atkinson,* for the appellant.

*J. E. Torrance,* for the appellees.

The opinion of the court was delivered by

SMITH, J.: It appears that a mercantile firm was in-
debted to the appellees in the sum of $390.50, to Kroen-
ert Brothers in the sum of $67.14, and to a number of
other creditors in other amounts, all smaller than the
claim of the appellees and all aggregating $1008.34;
that a mortgage was taken in the name of John H. Wat-
kins, trustee, and that it was intended by such mortgage
to secure and prefer the creditors named therein, but
that at least one other creditor was not secured thereby,
to wit, Brady Brothers & Co., to whom the mercantile
firm was indebted in the sum of $343.80. Watkins, as
trustee, took possession of the property, and Brady
Brothers & Co. brought suit on their claim and attached
the goods in the hands of the trustee.

A replevin action was brought in the name of the

trustee, at the instance, so far as the evidence shows, only of the appellees. On the trial of that action it was determined against the trustee and in favor of the sheriff under the attachment, and judgment was rendered in favor of the sheriff for the return of the goods or for their value ($525.15) and for costs, which, with the judgment, aggregated $577.45.

The sureties on the replevin bond were A. H. Denton, who was indemnified by the appellees and William Kroenert, the appellant. Denton, with money furnished, or for which he was compensated, by the appellees, paid the amount of the judgment, and the appellees brought this action to recover from William Kroenert one-half of the amount paid.

In their petition the appellees alleged that the mercantile firm was indebted to them in the sum of $390.50, and to Kroenert Brothers, a copartnership composed of William Kroenert and others, in the sum of $67.14. After reciting other facts hereinbefore detailed, they further alleged that they caused A. H. Denton to be indemnified that he might sign the replevin bond on the part of the appellees, and that C. T. Atkinson, who, they alleged, then represented both the appellant and the appellees, procured the appellant to sign the bond on behalf of Kroenert Brothers and other creditors; that Denton paid the whole of the sum of $577.45, and that the appellees repaid that sum to Denton; that the appellant contributed no portion thereof, although often requested so to do. They prayed judgment against the appellant for $288.72. To the petition a copy of the bond was attached as an exhibit.

To this petition the appellant demurred, first, that the petition did not state facts sufficient to constitute a cause of action; second, that there was a defect of parties plaintiff; third, that there was a defect of parties defendant; fourth, that the plaintiffs had no legal capacity to sue. This demurrer was overruled, and the ruling is one of the errors complained of.

Thereafter the appellant answered, first, by a general denial; second, that he signed the bond as surety for the appellees and for no one else, at their instance and request; and, third, he denied that C. T. Atkinson represented him as attorney in the case against Watkins, trustee, or that Atkinson procured him to sign the bond on behalf of Kroenert Brothers and other creditors, and denied that he had any interest in the action. This answer was duly verified.

Upon the trial the appellees offered no evidence tending to show the existence of the alleged firm of Kroenert Brothers, or that the appellant was a member of any such firm, or that he was procured to sign the bond by Atkinson, or that he had any interest in the controversy. It was shown that he paid no part of the judgment. The execution of the bond by the appellant and Denton was admitted. The only evidence as to the circumstances which lead to its execution is as follows:

"Ques. Now, Mr. Denton, as you remember, will you tell the court and jury? Ans. Well, my recollection is— you want me to tell just as I remember about the thing? My recollection is that we had a letter from John G. Miller asking us to sign a bond—

"Q. In what case? A. I think in this same case, and I think you represented John G. Miller—

"Q. And Company. A. And Company; but we did n't care particularly to make the bond—I did n't know anything about John G. Miller; and then my recollection is that you came in and said that there was —that we were to have indemnity from a bank in Chicago, but that this bond had to be made before we could get this correspondence, and asked me to sign it under those circumstances; I said I would but I thought we ought to have somebody else, and Mr. Kroenert was asked to sign the bond and he did sign it."

The court rendered judgment against the appellant for $362.47, and costs, from which judgment he appeals.

It appears that there was a total failure of evidence to support the allegations of the appellees that the ap-

pellant was a member of the firm interested in the proceeding and that he signed the bond as a representative of such firm. In the absence of such evidence the appellant stood as a mere surety on the bond. A mere surety on a bond in a judicial proceeding is not liable for contribution to reimburse a party to the action for whose benefit, in part at least, the bond was given. He can not be compelled to reimburse such party any portion of the amount paid by the latter in satisfaction of a judgment rendered upon the bond.

The judgment is reversed for further proceedings in accordance with the views herein.